FILED

JUL 3 1 2013

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RSL Funding, LLC | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No.5:13-cv-00656-OLG |
| | § | |
| Lydia Green | § | |
| Defendants. | § | |

## FINAL JUDGMENT CONFIRMING ARBITRATION AWARD

Came on to be heard RSL Funding, LLC and Lydia Green's Joint Motion to Confirm Arbitration Award.

After considering said motion, the responses, the pleadings on file in the case, including those filed by RSL Funding, LLC and Lydia Green, the Court finds that the joint Motion has merit and should be granted. It is therefore

ORDERED and DECREED that the Arbitration Award dated June 3, 2013 (attached hereto and incorporated herein for all purposes) is confirmed in its entirety and hereby modifies the transfer order (also attached hereto and incorporated herein) dated January 8, 2013 in Cause No. 2012-CI-18288 styled as In the Matter Of: A Transfer of Structured Settlement Payment Rights By Lydia T. Green, in the 73rd Judicial District Court, Bexar County, TX as provided in the Award.

SIGNED this 31 day of July, 2013.

_____
JUDGE PRESIDING

AGREED AS TO FORM AND SUBSTANCE

Respectfully submitted,

McNaught Law Firm
28580 IH-10 West, Suite 4
Fair Oaks Ranch, Texas 78015
210-202-0088
Fax/ 888-723-1795

By: _____
William McNaught
State Bar No. 13819200
Attorney for Plaintiff

Agreed as to form and substance:

(X) *[signature: Lydia Green]*
Lydia Green
1323 Hunter Street
San Antonio, TX 78224

*PRO SE*

---

| | | |
|---|---|---|
| IN THE MATTER OF THE ARBITRATION | § | In Arbitration |
| | § | |
| BETWEEN | § | |
| | § | |
| RSL Funding, LLC, Claimant | § | |
| | § | Conflict Resolution Solutions, PLLC |
| and | § | |
| | § | J. K. Newport |
| Lydia Green, Respondent | § | Before _____, Arbitrator |

## Arbitration Award

Following the demand for arbitration by RSL Funding, LLC joined in by its assignee, PRQ Qualified Investments, LLC, (collectively "RSL") filed on May __, 2013, with acceptance of service and consent to arbitration by Lydia Green ("Green") and RSL, the arbitrator, after receiving and considering the evidence/testimony before him on ~~May~~ __, 2013 finds as follows:   June 3, 2013
&lt; JKN &gt;

### Definitions:

RSL and Green are collectively, the "Parties" or individually, a "Party."

### Jurisdiction; Venue; and Findings Regarding Same:

The Parties have consented in writing to the arbitration jurisdiction herein. Jurisdiction is available under the Federal Arbitration Act § 2 (the "FAA") and the Texas General Arbitration Act (the "Texas Act"), with such jurisdiction also derived from the contractual agreements of the parties as set forth in the transfer agreement attached to the Arbitration Demand as Exhibit 2, in addition to the arbitration agreement set forth in the application (Exhibit 4 to the demand for arbitration). There are at least two distinct prior written arbitration agreements of the parties by which they have agreed to arbitrate this dispute. The filing was made with the arbitral organization which then assigned the matter to the arbitrator shown below. Additionally, Green has filed an appearance before the Arbitrator in this proceeding consenting to the arbitration jurisdiction and the selection of the particular arbitrator. The Arbitrator finds that he has jurisdiction to consider this matter at least as a breach of contract action given the state court's prior approval of the transfer order, which is now final, making the contract (that is, the transfer agreement) fully effective and enforceable. All the parties necessary for such findings are before the Arbitrator and appeared and consented to the Arbitrator's jurisdiction herein. The final arbitration hearing was conducted by telephone (or in person if any party wished to so appear, with no one so appearing in person). As such the arbitrator finds that the hearing for venue took place concurrently in Houston, Texas and San Antonio, TX. The arbitrator received oral testimony in this proceeding from RSL and Green prior to entry of this Award. The parties acknowledge having received the arbitrator disclosures or having waived receipt of same.

### Facts Regarding the Claim and the Dispute:

On September 12, 2012, RSL entered into a contract with Ms. Green for the purchase  of

*two lump sum payments* due December 20, 2020 and December 20, 2025 under an annuity from Executive Life Insurance Company of New York ("ELNY") for which Ms. Green is the payee, with FL Assignments being the owner. See Exhibit 2 to the Arbitration Demand. RSL performed services and incurred expenses and expended monies for an expected profit from the purchase of said financial instrument from Respondent. The testimony was undisputed that in exchange for a current payment to Green, an RSL assignee, PRQ, agreed to pay significant monies to Ms. Green.

RSL expended thousands of dollars in processing costs. Following the entry of an order approving the parties' transaction, Claimant acknowledged receiving a notice that she then forwarded to RSL that annuity issuer ELNY, which had been in rehabilitation, was in liquidation and that the payments represented by Respondent to be available for sale to RSL/PRQ are likely not so available or will never be paid. RSL was prepared to cancel the transaction, as allowed by RSL's contract, leaving Ms. Green to keep her payments payable many years in the future in an uncertain amount on account of ELNY's liquidation. The parties agreed that the value of such payments is speculative given the precarious situation of ELNY and the litigation surrounding the company's liquidation.

The post order agreement dated April 19, 2013 attached hereto is incorporated fully into this order for all purposes, but whose terms where in conflict with this Award are controlled by the Award. Ms. Green, by her signature below, agrees with the facts herein and in the Demand for Arbitration and consents to the entry of this Award.

The Arbitrator finds that he has jurisdiction under, inter alia, the Federal Arbitration Act and the Texas General Arbitration Act. The arbitrator further holds that the agreement of RSL and Green specifically provides that any and all disputes are subject to arbitration. This jurisdiction runs to the breach of contract action and remedies set forth herein including garnishment and offset.

## Findings

Based on the evidence and facts presented and the agreement of the Parties, the arbitrator hereby finds as follows:

A.  Subject to the terms of this Award, the September 12, 2012 transfer agreement between RSL and Green (Exhibit 2 to the Arbitration Demand) is a valid, binding and enforceable agreement of the signatories thereto and the parties defined therein and was executed in contemplation of a transfer of structured settlement payment rights, which was then approved by a court of competent jurisdiction (Exhibit 1 to the Arbitration Demand). The January 8, 2013 transfer order is now final and non-appealable; however, RSL has the ability to avoid the transfer and to cancel such on account of the financial condition (liquidation) of ELNY resulting in a breach of Respondent's representations, warranties and covenants.

B.  The arbitrator takes notice of the fact that ELNY, which has been in rehabilitation or a conservatorship of sorts by the Insurance Commissioner of the State of New York, is now in liquidation, with ELNY having announced that there is not enough money to pay its insurance or annuity claimants such as Respondent Green. The amount that might be paid to RSL for Green's 2020 and 2025 payments appears to be, based upon the testimony of the parties, as little as 16% of the total or at the likely outside, 48%. The financial state of ELNY is uncertain and litigation surrounds the liquidation of the company. Evidence was received that the annuity owner, FL As-

signment Corp., is believed to be a shell entity and that it is doubtful that any assets exist in that company which presumably also would be liable under the underlying legal documents.

The parties hereto have agreed that in full satisfaction of any and all obligations of Claimant, the gross total of $45,000.00 after a $61,800 offset would now be paid to Respondent in full satisfaction of her future payments as set forth in the transfer order, subject to the possible payment of additional monies. That is, the parties herein have agreed to settle their dispute upon the following terms and conditions: Green has agreed to accept a reduced current amount from RSL/PRQ for the payments previously assigned to RSL (or its affiliate). The total gross amount of $45,000.00 shall be paid by RSL to Green within ten (10) days of notice to it of a final and non-appealable confirmation order by the U.S. District Court for the Western District of Texas, with Complainant undertaking to promptly file the confirming petition following a state court confirmation. This award shall also be confirmed by the 73rd Judicial District Court in San Antonio, TX. In addition, the parties have agreed that if the total payments received by PRQ for this annuity from ELNY (or its liquidating estate) with respect to the December 20, 2020 and December 20, 2025 payments and paid at the times called for exceeds [$300,000.00 LESS any legal fees incurred by RSL or its affiliates (including PRQ Qualified Investments, LLC, assignee) hereafter], that the excess net proceeds over $300,000 shall be paid 60% to Respondent and 40% shall be retained by PRQ. Further, Respondent agrees to first allocate to PRQ any and all payments received or receivable, of any kind whatsoever, including benefits or contributions of any guaranty association related to the December 20, 2020 and December 20, 2025 payments until PRQ is paid in full the $425,332.90 in payments which PRQ/RSL originally contracted to buy, as set forth in the court approved transfer agreement including in its paragraph 13.b. This arrangement is otherwise explained in the Exhibit 3 to the Arbitration Demand, such being the parties' post order agreement dated April 19, 2013, with this Award's provisions set forth above having precedence as to any conflicts with such.

C. An amendment of the prior transfer order is unnecessary because such assigned payments remain the same and only the purchase price has changed through this arbitration proceeding. Additionally, the Arbitrator orders this award to be confirmed by the 73rd Judicial District Court which granted the original transfer.

D. Jurisdiction and venue are proper.

Based on the foregoing findings, it is hereby,

1. ORDERED, ADJUDGED, AND DECREED that RSL shall pay Green the net amount of $45,000.00 ($106,800 less a $61,800 offset), subject to the possible payment of additional monies due Green as set forth above, in full and complete and total satisfaction for the purchase of payments described in the September 12, 2012 transfer agreement and the January 8, 2013 court order, as supplemented by the parties agreement; It is further

2. ORDERED that this order does not affect in any way the transfer of payments described in the January 8, 2013 Transfer Order but simply serves as an offset to the purchase price, in lieu of RSL voiding the sale and assignment, all of which RSL has the right to do under the parties' contract. Claimant acknowledges receiving notice not brought to RSL's attention that annuity issuer ELNY which had been in rehabili-

Page 3

tation is now in liquidation and that the payments which Green represented as having been available for sale appear to no longer be available in significant part, which significantly affects the value of the payments which RSL or its assignee would or has acquired; it is further

3. ORDERED that RSL shall have this order confirmed by the U.S. District Court for the Western District of Texas in San Antonio (following approval or confirmation of this award as well by the 73rd Judicial District Court of San Antonio as the original Court ordering the Transfer) at its expense, with Green ordered to cooperate regarding same and may (at the option of RSL or its assignee) thereafter domesticate the judgment in any state in which it deems appropriate, at its own expense, again with Green being ordered to cooperate in same. Arbitration fees are adjudged in the amount of $ ~~five~~ *500.00 JRN* with RSL agreeing to pay the same.

This Arbitrator retains jurisdiction to resolve further disputes involving the parties, and to consider additional fees due to RSL to the extent that any person fails to fully cooperate or comply as ordered herein. Any relief not granted herein is expressly denied. This order is final.

_____
J. R. Newport, Arbitrator

June 3 (JRN)
~~May~~ ___, 2013

APPROVED AS TO FORM AND CONTENT AND ENTRY REQUESTED:

_____
Lydia Green, Pro Se

Approved:

PRQ Qualified Investments, LLC

RSL Funding, LLC, a Texas limited liability corporation

By: _____
Stewart A. Feldman, CEO